# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | |
|---|---|
| CHARLENE MARTINEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TD Bank USA, N.A., a National Bank,<br><br>*Defendant*. | Case No.: |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Stefan Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Daniel G. Shay*
danielshay@sandiegobankruptcynow.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice* admission to be sought.

*Attorneys for Plaintiff and the Putative Class*

Plaintiff Charlene Martinez brings this Class Action Complaint and Demand for Jury Trial against TD Bank USA, N.A., ("TD Bank") to stop its practice of placing unauthorized telephone calls to the cellular telephone numbers of consumers and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant TD Bank claims to be one of the 10 largest banks in the United States.[1] It is a major provider of residential banking services and oversees millions of residential banking, loan, and credit accounts.

2. Unfortunately for consumers, TD Bank has called cellular telephone numbers it associates with these accounts, without the express consent of the call recipients, while using equipment that has the capacity to store and dial telephone numbers, *en masse*. As a result, TD Bank has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. The TCPA exists to put an end to invasive telephone calls exactly like those alleged in this Complaint—autodialed calls to cellphone numbers, placed without consent, and made without regard to the charges such calls can incur.

---

[1]   TD Bank, *Fact Sheet*, http://www.tdbank.com/aboutus/company_fact_sheet.html (last accessed October 6, 2015).

4. Defendant's TCPA violations caused Plaintiff and the members of a putative Class of consumers (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the costs for the receipt of such telephone calls.

5. In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited phone call activities, and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Charlene Martinez is a natural person and citizen of the State of California.

7. Defendant TD Bank USA, N.A., is a national bank existing under the laws of the United States. It is a citizen of New Jersey and it maintains executive offices at 1701 Route 70 East, Cherry Hill, New Jersey 08003. It conducts business throughout this District, the State of New Jersey, and the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over TD Bank because it maintains executive offices within

this District and conducts significant amounts of business transactions within this District, as well as because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9.  Venue is proper in this District under 28 U.S.C. § 1391(b) because TD Bank maintains executive offices here, because TD Bank conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

10.  TD Bank, as a large national bank, services millions of residential accounts for consumers throughout the United States. It originates some of these residential accounts on its own and purchases others from third parties. As an example of the latter, in 2013, TD Bank purchased the entire consumer credit card portfolio of Target Corporation for approximately $5.7 billion.[2]

11.  TD Bank calls consumers at the various telephone numbers that it associates with these residential accounts. Unfortunately, however, it places these calls with equipment that has the capacity to store or produce telephone numbers using random or sequential number generators and to dial such numbers, *en masse*,

---

[2] Target, *Target Announces Closing of Credit Card Portfolio Sale to TD Bank Group*, http://pressroom.target.com/news/target-announces-closing-of-credit-card-portfolio-sale-to-td-bank-group (last accessed October 6, 2015).

without any need for human intervention.

12. TD Bank places some of these calls without having prior express consent from the call recipients to do so, including after receiving express requests to stop.

13. Not surprisingly, consumers have repeatedly spoken out against Defendant's telephone practices:[3]

- "I have told them several times to stop calling me, but they still continue to do so.  They start calling at 8:00 in the morning and will call 10 times during the day."

- "THEY KEEP CALLING I TOLD THEM THE PERSON DOES NOT LIVE HERE."

- "They call me more than once a day even on Holidays and weekends and will never leave any kind of message."

- "This company keeps calling 4 or 5 times a day, they are looking for someone that is not here. I have told them that, they call late at night. I would like this to stop. I am about to change my number."

- "This number calls repeatedly. I do not know who it is. They have left no messages. I have paid my bills on time."

- "[C]all[s] everyday since I have activated my paid phone last week and so far I have not given my number to anybody yet! [C]all[s] every weekend and weekday. [S]ometimes call twice or three times a day. [A]nnoying."

---

[3]   *See, e.g.*, 800notes.com, http://800notes.com/Phone.aspx/1-952-852-0005 (last visited October 26, 2015); Caller Complaints, http://www.callercomplaints.com/SearchResult.aspx?Phone=952-852-0005  (last visited October 26, 2015).

5

14. On information and belief, Defendant additionally uses skip tracing and number trapping to acquire additional phone numbers to contact. As these numbers are not obtained directly from the call recipients, however, Defendant does not obtain prior express consent to make calls to them.

15. Defendant knowingly places telephone calls to cellphone numbers without the prior express consent of the call recipients, and knowingly continues to have such calls placed after receiving requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

### PLAINTIFF MARTINEZ'S EXPERIENCE

16. In 2007, Plaintiff Martinez opened a Target credit card account.

17. In 2011, Plaintiff obtained her current cellular telephone number.

18. In 2013, TD Bank purchased Plaintiff's credit card account from Target Corporation.

19. On the morning of April 14, 2015, TD Bank called Plaintiff's cellular telephone from the number (952) 852-0005 for purposes related to her outstanding debt. TD Bank did not have Plaintiff's prior express consent to place this call. Plaintiff answered the call, only to experience a long delay before the call was disconnected.

20. Similarly, during the evening of April 14, 2015, TD Bank placed yet

another call to Plaintiff's cellular telephone number, again from the number (952) 852-0005, and again without having Plaintiff's prior express consent. Plaintiff answered and heard a prerecorded or artificial voice asking her to hold for a representative, which she did. Once connected to the TD Bank representative, Plaintiff advised him that he was calling her cellular telephone number and that she did not consent to such calls. She specifically instructed him to stop calling.

21. Nonetheless, on April 15, 2015, TD Bank placed yet another call to Plaintiff's cellular telephone number, again from the number (952) 852-0005, and again without having her prior express consent.

22. At all relevant times, Defendant TD Bank knew it was using an automatic telephone dialing system, knew it was placing calls to Plaintiff's cellular telephone number, and knew it was doing so without her prior express consent.

## CLASS ALLEGATIONS

23. **Class Definitions**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All individuals in the United States to whom: (1) Defendant placed a call; (2) using an automatic telephone dialing system; (3) to his or her cellular telephone number; and (4) where Defendant did not have express consent to place such call at the time it was placed.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to hundreds or thousands of individuals that fit into the definition of the Class. Members of the Class can be easily identified through Defendant's own records.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not necessarily limited to, the following:

    (a)    Whether Defendant systematically placed telephone calls to consumers without their prior express consent;

    (b)    Whether Defendant's calls were made to consumers' cellular telephones utilizing an automatic telephone dialing system;

    (c)    Whether Defendant's conduct violated the TCPA; and

    (d)    Whether Plaintiff and the Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

26.    **Typicality**: Plaintiff's claims are typical of the claims of the Class members. Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct toward them.

27.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class members, and Defendant has no defenses unique to Plaintiff.

28.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the

Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

29. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct. Even if the Class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Defendant placed unsolicited and unwanted calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class, without their prior express consent.

32. Defendant placed these telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*.

33. Defendant used equipment to place multiple telephone calls to Plaintiff and the other Class Members simultaneously and without human intervention.

34. By having unsolicited telephone calls placed to Plaintiff's and the Class members' cellular telephones without their prior express consent, and by using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's unlawful conduct, Plaintiff and the Class members suffered invasions of privacy and actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

36. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charlene Martinez, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Charlene Martinez as representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of actual and statutory damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**CHARLENE MARTINEZ**, individually
and on behalf of all others similarly situated,

Dated: October 26, 2015   By:  s/ Stefan Coleman
One of Plaintiff's Attorneys

Stefan Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

13

Daniel G. Shay*
Danielshay@sandiegobankruptcynow.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

**Pro hac vice* admission to be sought.

Attorneys for Plaintiff and the Class.