**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLENE MARTINEZ, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, USA, N.A., a National Bank, and TARGET CORPORATION, a Minnesota corporation<br><br>Defendants. | C.A. No. 1:15-cv-07712-JBS-AMD<br><br>Hon. Jerome S. Simandle, U.S.D.J.<br><br>Hon. Anne Marie Donio, U.S.M.J.<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.


Stefan L. Coleman (I.D. No. 000382009)
Law Offices of Stefan Coleman, LLC
1072 Madison Avenue, Suite 1
Lakewood, NJ 08701
Tel: 877.333.9427
Fax: 888.498.8946

Rafey S. Balabanian (*pro hac vice*)
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, CA 94107
Tel: 415.212.9300
Fax: 415.373.9435

Jarrod D. Shaw (I.D. No. 015732004)
McGuireWoods LLP
EQT Plaza
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: 412-667-6000
Fax: 412-667-5060

Marc A. Lackner (*pro hac vice*)
David S. Reidy (*pro hac vice*)
McGuireWoods LLP
505 Sansome Street, Suite 700
San Francisco, CA 94111
Tel: 415-844-9944
Fax: 415-844-9922

Benjamin H. Richman (*pro hac vice*)
J. Dominick Larry (*pro hac vice*)
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6738

*Counsel for Plaintiff Charlene Martinez*

*Counsel for Defendants TD Bank, USA, N.A. and Target Corporation*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff asserts claims on behalf of herself and a putative class for violation of the Telephone Consumer Protection Act, California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California's Unfair Competition Law ("UCL"), arising out of phone calls allegedly made to Plaintiff's cell phone relating to the Target REDCard. Defendants maintain that all were consented to, as Plaintiff provided her cell phone number and expressly agreed to receive calls at that number. Defendants have moved to dismiss the RFDCPA claims because, they argue, Plaintiff has not pled sufficiently that the calls were harassing or made by a debt collector, as required under the statute. Defendants have also moved to dismiss the UCL claim arguing that Plaintiff has no standing, as she has not lost money or property as required under the statute, and that Plaintiff also has not alleged a right to either declaratory or injunctive relief, which is the only remedy available under the statute.

For her part, Plaintiff disagrees with Defendant's arguments as raised in the pending motion to dismiss, and will file her opposition to the motion no later than the July 5, 2016 deadline to do so.

3. Have settlement discussions taken place? Yes

(a) What was plaintiff's last demand?

(1) Monetary demand: $ N/A
(2) Non-monetary demand: $ N/A

(b) What was defendant's last offer?

(1) Monetary offer: $ N/A
(2) Non-monetary offer: Dismissal w/ waiver of fees & costs

4. The parties have met pursuant to Fed. R. Civ. P. 26(f):

The Parties met and conferred on June 20, 2016

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

The parties have agreed to exchange Fed. R. Civ. P. 26(a)(1) disclosures on or before July 5, 2016.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

None.

7. The parties have not conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:

Phase I – Individual

Plaintiff's consent and revocation of consent as applicable;
Account and servicing records of Plaintiff;
Communications and correspondence between Plaintiff and Defendants;
Calls by Defendants to Plaintiff;
Any alleged damages or injury suffered by Plaintiff; and

The relationship between Defendant Target and Defendant T.D. Bank, USA, N.A.[1]

Phase II – Class

Individual factual issues (if any) relating to the above for the putative class;
Records pertaining to autodialed or pre-recorded calls, if any, placed by Defendants to cell phone numbers of putative class members between October 26, 2011 and the present;
Records and documents relating to the equipment used by Defendants to place calls to the cell phone numbers of putative class members between October 26, 2011 and the present;
Documents referencing consent or revocation of consent by customers to receive calls; and
Policies and procedures related to calls and obtaining/recording consent.

(b) Discovery should be conducted in phases as set forth above: fact discovery bifurcated into Individual and Class phases, with expert discovery to be conducted during the Class Phase.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: July 5, 2016

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): June 20, 2016 (Completed)

(3) Service of initial written discovery: July 18, 2016

[1] The Parties have further agreed that notwithstanding the limitations on discovery identified above, Defendant will depose Plaintiff regarding all matters relevant to the claims at issue in the case and the certification of the proposed class, in order to alleviate the need for a second deposition should the case proceed to the second phase of discovery. Likewise, while the Parties have agreed that Plaintiff may depose a Rule 30(b)(6) witness designated regarding the relationship between Defendants, they have also agreed that Plaintiff's counsel may ask that witness about all matters relevant to the case and within that witness's personal knowledge, in order to avoid the need to depose that individual again in a later phase of discovery.

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 10 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by: 75 days after the commencement of Phase II discovery.

(7) Factual discovery to be completed by:

Phase I: October 12, 2016
Phase II: April 21, 2017

(8) Expert reports due by: March 10, 2017

(9) Rebuttal expert reports due by: March 31, 2017

(10) Expert discovery cutoff: April 26, 2017

(11) Dispositive motions to be served within 30 days of completion of Phase I discovery;

(12) Class certification motion to be served within 30 days of completion of Phase II discovery.

(d) A pretrial conference may take place on: June 22, 2017

(e) Trial date: The parties request that trial scheduling be deferred until after a determination on any motion for summary judgment or class certification.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? No.
If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
No.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

Issues only dealing with class data
The Parties have agreed to exchange drafts of, and further discuss and file, an appropriate stipulated protocol for production of electronically stored information ("ESI"), governing, subject to the Court's approval: (1) the identification, scope, and format of relevant and discoverable ESI; (2) the protection of confidential and proprietary information; (3) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (4) any other relevant ESI issues that may arise.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. Yes

12. Do you anticipate any discovery problem(s) not listed above? No.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).

Defendants believe that mediation may be appropriate following a ruling on Defendants' Motion for Summary Judgment. Plaintiff would be willing to discuss potential resolution either in a private mediation or a settlement conference or mediation presided over by the Court.

14. Is this case appropriate for bifurcation? Yes __x__ No ______

15. An interim status/settlement conference (with clients in attendance), should be: in Defendants' view, scheduled following the resolution of their

anticipated motion for summary judgment on Plaintiff's individual claims. Plaintiff would be willing to participate in such a conference at any point.

16. The parties do not consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference: None at this time.

Date: July 5, 2016

Respectfully submitted:

*/s/ Benjamin H. Richman*
Benjamin H. Richman (*pro hac vice*)
J. Dominick Larry (*pro hac vice*)
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, IL 60654

Rafey S. Balabanian (*pro hac vice*)
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, CA 94107

Stefan L. Coleman (I.D. No. 000382009)
Law Offices of Stefan Coleman, LLC
1072 Madison Avenue, Suite 1
Lakewood, NJ 08701

Daniel G. Shay
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108

*Counsel for Plaintiff Charlene Martinez*

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw (I.D. No. 015732004)
McGuireWoods LLP
EQT Plaza
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
Tel: 412-667-6000
Fax: 412-667-5060

Marc A. Lackner (*pro hac vice*)
David S. Reidy (*pro hac vice*)
McGuireWoods LLP
505 Sansome Street, Suite 700
San Francisco, CA 94111
Tel: 415-844-9944
Fax: 415-844-9922

*Counsel for Defendants TD Bank, USA, N.A. and Target Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2016, I electronically filed the foregoing using the Court's CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ Jarrod D. Shaw*